(No. 6238. February 20, 1936.)

R. A. MARTIN, Appellant, v. CARL E. BROWN, Respondent.

[54 Pac. (2d) 1157.]

S. L. Tipton and C. H. Edwards, for Appellant.

F. M. Kerby and Fred M. Taylor, for Respondent.

MORGAN, J.—Respondent is the owner of a sawmill and lumber yard at McCall, in Valley County, to which appellant went with his truck to buy four planks. The foreman of the mill accompanied him to the place in the yard where the planks were located and they commenced to load them on the truck. The foreman took a plank from the pile and started with it to the truck. Appellant attempted to remove a plank and when he took a step with it away from the pile some of the planks fell from the pile on him and inflicted the injuries for which he seeks to recover. At the close of plaintiff's evidence defendant moved for a nonsuit, which was granted, and the action was dismissed. This appeal is from the judgment of dismissal.

Appellant went upon the premises of respondent for the purpose of purchasing lumber kept there for sale. He was an invitee and respondent owed him the duty to maintain the premises in a reasonably safe condition, and to exercise reasonable care to protect him from injury. (*Williamson v. Neitzel*, 45 Ida. 39, 260 Pac. 689; *Pincock v. McCoy*, 48 Ida. 227, 281 Pac. 371.) If respondent is liable to appellant for injuries sustained by him it is because of a breach of that duty. If the evidence introduced by appellant failed to establish a breach of that duty by respondent, the nonsuit was proper and the judgment should be sustained.

No evidence was introduced tending to show negligence on respondent's part, unless such negligence may be inferred from the fact that lumber fell on appellant when he was attempting to remove a plank as shown by his testimony.

The Supreme Court of California, in *Mautino v. Sutter Hospital Assn.*, 211 Cal. 556, 296 Pac. 76, quotes a correct statement of the law, applicable to this case, from 20 R. C. L., pp. 55–57, as follows:

"The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings who directly or by implication invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition and to give warning

of latent or concealed perils. In the language of a recent opinion: 'The law is well settled that an owner or occupant of land who by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them.' . . . . The owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted. . . . . There is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.'' See, also, *Touhy v. Owl Drug Co.,* (Cal. App.) 44 Pac. (2d) 405.

Appellant relies on the doctrine of *res ipsa loquitur* and insists negligence on the part of respondent is shown, or may be inferred, from the fact that the lumber fell on him. Of this doctrine it is said in *Wilson v. St. Joe Boom Co., Ltd.,* 34 Ida. 253, 268, 200 Pac. 884, 888:

"We think that the doctrine of *res ipsa loquitur,* which literally means 'the transaction speaks for itself,' and is merely a way of saying that the circumstances attendant upon an accident are of themselves of such a character as to justify a jury in inferring negligence as the cause of the accident, is applicable where an injury arises from some condition or thing that is in its very nature so obviously destructive to person or property, and is so tortious in its quality, as to permit of no inference save that of negligence on the part of the person in control of the injurious agency.'' See, also, *Warner v. Pittsburg-Idaho Co., Ltd.,* 38 Ida. 254, 220 Pac. 492.

█ The circumstances of this case, disclosed by the evidence, does not justify the application of the doctrine of *res ipsa loquitur.*

There is no testimony showing hidden danger or that respondent did, or failed to do, anything whereby the accident occurred which resulted in the injury. The following quotations from appellant's testimony show what happened when he and respondent's foreman started to load the planks on the truck:

"I kicked because they were not dry but told him if that was all he had I would have to take them; and he said 'Let's have at it' and he took one on his shoulder, and I took one and walked away and the pile come down.

"Q. How high was it?

"A. Over my head in height.

"Q. What occurred after you were there and determined to take the plank off that stack?

"A. Well, he took the first plank off and started out to load it and I walked around and took the other plank and just started to walk away and the pile came down on me.

"Q. Did he start to walk away with the plank he had?

"A. Yes, toward the truck.

"Q. And what did you do after he started?

"A. Well, I took a plank off too and put it on my shoulder and made one step or just about, and the pile fell down on me. . . . . "

On cross-examination he testified:

"Q. How tall are you?

"A. Five and a half feet.

"Q. If the pile of lumber was over your head you had to reach up to get the plank?

"A. I know I had to reach up.

"Q. And pull it out from the pile?

"A. No, sir. I reached up and balanced it with one hand and then got it over on my shoulder.

"Q. You had to let one end down to get it on your shoulder?

"A. One end I left on top and I walked backwards and then got it in the middle so it would balance on my shoulder.

"Q. But the plank was higher than your head?

"A. I took the plank out and got it on my shoulder.

"Q. And how many steps did you take before the pile fell on you?

"A. Just one step away, just about."

██ Assuming, as it was the duty of the trial judge and is our duty to do, that all the evidence introduced on behalf of appellant is true, still it fails to show negligence on respondent's part. There is no evidence that the lumber was improperly piled or that anything about the premises of a dangerous nature was not entirely obvious and as well within the knowledge of appellant as of respondent. It may be inferred from appellant's testimony that he toppled the planks, which fell on him, from the pile with the one he was carrying when he started to the truck. The evidence suggests nothing else to account for their falling.

The evidence introduced by appellant fails to establish negligence on respondent's part, and the nonsuit was properly granted. The judgment appealed from is affirmed. Costs awarded to respondent.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.