### PHILLIPS PETROLEUM CO. et al. v. WILLIAMS.

No. 24018.   Dec. 8, 1936.

R. H. Hudson and Rayburn L. Foster, for plaintiffs in error.

Foster & Roper, for defendant in error.

GIBSON, J. This appeal is from a judgment of the district court of Oklahoma county in a personal injury action.

Defendant in error, as plaintiff, sued the plaintiffs in error to recover damages alleged to have been caused by a negligent act of the defendant Homer Jones while in the employment of the Phillips Petroleum Company as a truck driver.

It is alleged in the petition that the plaintiff was injured

"* * * by a truck which was owned by the defendant Phillips Petroleum Company, a corporation, and was being operated at said time and place by the defendant Homer Jones, who was the agent, servant and employee of the said' defendant Phillips Petroleum Company, and at said time and place was driving said truck within the scope of his employment.

"Plaintiff alleges that the' defendant Homer Jones, as agent and servant of the defendant Phillips Petroleum Company, carelessly and negligently backed said truck into the street without giving any signal or warning of his intention to do so, although there was traffic approaching at said time and place."

Each of the defendants answered, denying, generally, the material allegations of the petition; pleading contributory negligence of the plaintiff and imputed negligence of the driver of the car in which plaintiff was riding at the time of his injury.

Defendants' answers were not verified and that of the company contained no specific plea that its truck driver was not acting within the scope of his authority at the time of the accident.

At the trial the Phillips Petroleum Company introduced evidence tending to establish that its truck driver was not acting within the scope of his employment in driving the truck on the occasion of the accident, but was engaged in a mission of his own. Such evidence was permitted to go into the record without objection on part of the plaintiff, and counsel for plaintiff cross-examined the witness at length on that phase of his testimony. At the close of the cross-examination of the witness, and after the witness had been excused, plaintiff moved the court to strike the evidence thus given, "That is, the part of it with reference to his not being an employee of the company, for the reason that the same is not pleaded as a defense in this case."

The motion has been treated in the briefs as raising the question that plaintiff's allegation of the truck driver's appointment of authority, in the manner of his operation of the truck at the time of the accident complained of, should be taken 'as true because not denied under oath, and the parties, and apparently the court, having so treated it, it will be so considered in this opinion.

At the time the motion to strike was made the court reserved its ruling thereon, but at the close of all of the evidence in the case it sustained the motion. Counsel for the Phillips Petroleum Company took no exception to that ruling, but once asked leave of the court to verify its answer; leave was denied and exception allowed.

Under the circumstances of this case, the record has been preserved sufficiently to enable us to consider the trial court's sustaining of plaintiff's motion to strike, which has been assigned as error.

Both parties having rested, the defendant company requested that this instruction be given the jury, to wit:

"You are instructed that defendant Phillips Petroleum Company cannot be held liable for plaintiff's injuries even though you find that defendant Jones is liable under the instructions here given you unless you find that at the time of the accident Jones was acting within the scope of his authority and in regard to the business of Phillips Petroleum Company. If he was engaged in a mission of his own at the time of the accident, your verdict must be for the defendant Phillips Petroleum Company."

That requested instruction was refused and exception allowed.

The court then charged the jury that

the defendant Jones was, under the pleadings in the case, the agent of the Phillips Petroleum Company, and that if they found him to have been guilty of the act of negligence complained of and that such negligence was the proximate cause of plaintiff's injuries, their verdict should be for the plaintiff in the case.

The court erred in so instructing the jury and in not submitting to the jury for their determination the question of whether or not, under the evidence, the truck driver at the time of the accident complained of was acting within the scope of his employment. Conceding, but not deciding, that the defendant company's answer, unverified, was not sufficient to put in issue the question of whether or not the truck driver was acting within the scope of his employment and engaged in his master's business, the plaintiff waived defendant company's failure to verify its answer by permitting, without objection, the defendant company to introduce evidence pertaining to show that its truck driver was not acting within the scope of his employment in driving the truck on the occasion of the accident, but was engaged on a mission of his own. Such is the rule in this jurisdiction. Johnson v. Douglas Co., 8 Okla. 594, 58 P. 743; Burford v. Hughes, 75 Okla. 150, 182 P. 689; Hutchinson Gin Co. v. Latimer County National Bank, 106 Okla. 159, 233 P. 438.

As has been hereinbefore stated, after the defendant company had introduced this testimony, plaintiff moved to strike the same. This motion came too late. In International News Service v. News Publishing Co., 118 Okla. 113, 247 P. 87, we said:

"The rule has been announced in several decisions of this court that a party to a suit cannot speculate on the testimony to be introduced by the adverse party, and, after the introduction of such testimony without objection, move to strike on the ground that such testimony is incompetent. McKee v. Thornton, 79 Okla. 138, 192 P. 212; Brownell v. Moorehead, 65 Okla. 218, 165 P. 408. * * *"

The defendant urges several other assignments of error, but we deem it unnecessary to discuss them by reason of the fact that the case must be reversed for the errors already pointed out.

The defendant Homer Jones has also appealed, assigning numerous errors of the trial court. We have examined the evidence and find that the same was conflicting, and that the case as to the defendant Jones was submitted to the jury under instructions which fairly covered all of the issues of the case as to him.

For the reasons given, the judgment is affirmed as to the defendant Homer Jones, and reversed as to the defendant Phillips Petroleum Company, and the cause is remanded to the trial court, with directions to grant the defendant Phillips Petroleum Company a new trial, and for further proceedings not inconsistent with the views herein expressed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.