## Montgomery Ward & Co. v. Hansen.

March 5, 1940.

Burrell H. Farnesley, Judge.

Wilson W. Wyatt, Samuel R. Wells and Peter, Heyburn, Marshall & Wyatt for appellant.

Julius Liebson and Leibson & Liebson for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

This appeal is from a judgment in the sum of $750 as damages for personal injuries sustained in a fall on steps in a store of appellant alleged to have been caused by the dangerous, unsafe and defective condition thereof, which condition was known to appellant or could have been known by the exercise of ordinary care and which was unknown to appellee prior to the time she sustained the injuries. It is not denied that appellee fell while descending steps leading from the first floor to the basement in appellant's store on Fourth street in Louisville nor that she sustained injuries of a painful and severe nature.

The first ground argued for reversal is that the court erred in refusing to sustain appellant's motion for a peremptory instruction and the basis of this contention is (1) that appellant had no knowledge of the condition which appellee claims to have caused the accident, and (2) that an ordinarily careful and prudent person would not apprehend any danger or risk from the condition of which appellee complains.

There is no evidence to show that the steps were inherently dangerous but the evidence of appellee and a sister who reached her shortly after the fall is to the effect that she stepped on a wad of chewing gum on one of the steps and was thereby caused to slip and fall. There is evidence to the effect that the chewing gum was very dark in color, flattened out and embedded on the steps as though it had theretofore been trampled on and that is the only evidence upon which to base a conclusion that appellant knew or by the exercise of ordinary care could have known of the presence of the chewing gum on the steps.

It is an established rule that a merchant who by express or implied invitation induces others to come upon premises owned or occupied by him must use reasonable care to keep the premises in safe condition. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22; Dalton v. Steiden Stores, 277 Ky. 179, 126 S. W. (2d) 155, and cases referred to in those opinions. The latter opinion cites with approval the rule respecting the duty of one in possession of business premises toward a business visitor which is thus stated in Restatement of the Law of Negligence, Section 343:

> "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereof, if, but only if, (a) he knows, or by the exercise of reasonable care could discover, the condition which, if known to him he should realize as involving an unreasonable risk to them, * * *."

But the opinion in the Dalton case and other cases that might be cited, holds that such possessor of premises is not an insurer of the safety of invitees upon his premises. The evidence here shows that the chewing gum on the steps was discolored, hardened, slick and flattened out to about the size of a quarter. One foot-step upon it might have been sufficient to produce every condition testified to by appellee and her witnesses. The accident occurred during the Christmas holidays when shops were crowded with customers and the chewing gum might have been stepped upon by a number of people in a very short time prior to the accident or it might have been carried in on the shoe of appellee.

It is our conclusion that there is a complete failure of evidence to show that appellant knew of the condition complained of or that such condition had existed for such a length of time that appellant in the exercise of ordinary care should have known of it. It is therefore apparent that a finding that appellant knew or by the exercise of ordinary care could have known of the presence of the chewing gum on the steps must necessarily be based on sheer surmise and speculation, and, this court has repeatedly held that in such circumstances the case should not be submitted to the jury. Dalton v. Steiden Stores, supra, and cases therein cited. It follows that the court should have sustained appellant's

motion for a peremptory instruction and it is therefore unnecessary to discuss any other ground urged for reversal.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.