**CAMPBELL v. F. W. WOOLWORTH & CO.**

No. 11672.

Circuit Court of Appeals, Eighth Circuit.

Jan. 31, 1941.

Franklin E. Reagan, of St. Louis, Mo. (Harry G. Waltner, Jr., of Kansas City, Mo., on the brief), for appellant.

Clay C. Rogers, of Kansas City, Mo. (O. C. Mosman and Louis R. Weiss, both of Kansas City, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action for damages for personal injuries sustained by plaintiff in falling upon the floor of an entryway to defendant's retail store in Jefferson City, Missouri. The case was tried without a jury. At the close of plaintiff's testimony the district court sustained defendant's motion for judgment in its favor. This appeal followed.

In her amended petition the plaintiff alleged that the injury sustained by her was the direct result of the negligence of the defendant in inviting her to use the passageway to the store when the same was slippery and slick without warning her of the danger; and that the slippery substance causing the accident had been on the passageway for so long a time that the defendant knew or could have known of its presence in time to warn her or to have removed it.

The plaintiff testified that she entered the defendant's store, located on the main business street of the city, at approximately 12 o'clock, noon, on March 31, 1938. She made a small purchase, remaining in the store five to seven minutes, and then walked out at the same entrance that she had used in entering. This entrance is equipped with swinging glass-panelled double doors which are inset a few feet from the sidewalk. Leading from these doors to the sidewalk is a tile floor or entryway flanked on either side by show windows. As the plaintiff stepped through the swinging doors on her way out of the store her right foot slipped on a brown spot on the tile floor of the entryway. After she fell her foot extended approximately to within six inches of the sidewalk. The only mark on the floor was the streak made by her foot in slipping.

The plaintiff stated that in entering and leaving the store she looked straight ahead so as not to run into other customers and that she did not see the slippery spot until after the fall. She described it as a brown spot of tobacco juice about the size of a half-dollar, dry around the outer edge and moist in the center. Elaborating on this description she stated that the outside was darker than the center, "like it had dried."

After the accident the plaintiff talked with the defendant's store manager. She testified that: "He said something about it should have been cleaned up, that there evidently was negligence on somebody's part that it wasn't cleaned up. That is all that he said."

The plaintiff's contentions on appeal may all be decided by answering two questions:

1. Is the evidence such as to compel a finding that the defendant had actual notice of the slippery spot on the entryway in time so that in the exercise of ordinary care the cause of the accident should have been removed or the plaintiff warned of its existence?

2. Does the evidence compel a finding that the slippery spot had been present in the entryway a sufficiently long time prior to the accident to impart constructive notice of its existence to the defendant and to afford time for it to be remedied?

The trial court accepted the plaintiff's testimony as true but held that there was no evidence that the defendant had actual knowledge of any dangerous condition in the entryway; and the court refused to find that the evidence indicated that the slippery substance had remained in the entryway a sufficient length of time to impart constructive notice of its presence to the defendant.

The plaintiff contends that the court erred in refusing to give her testimony the benefit of inferences compelled by the law of the state of Missouri which is here controlling.

■ 1. On the question of actual knowledge, the plaintiff urges that the statement of the defendant's store manager indicates that he knew of the condition of the entryway sometime before her fall and that the trial court should have drawn this inference. Such an inference clearly would have been unwarranted and the cases cited by plaintiff do not sustain her contention. Testimony of explicit statements by a defendant's employees of prior knowledge of a dangerous floor condition resulting in an accident has been held of evidentiary value. Farrell v. Kroger Grocer & Baking Co., Mo.App., 71 S.W.2d 1076; Garnett v. S. S. Kresge Co., Mo.App., 85 S.W.2d 157. But no decision is cited in which a speculative remark of an employee that someone evidently had been negligent in failing to remove a dangerous condition on the premises has been held to support an inference of his prior knowledge of its existence.

In Varner v. Kroger Grocer & Baking Co., Mo.App., 75 S.W.2d 585, 586, the plaintiff slipped on a banana which had lain on the floor of defendant's store some fifteen minutes. There was no direct evidence of actual knowledge of its presence and the court held the time too short to impart constructive notice. However, there was testimony that upon being criticized after the accident for not keeping the floor clean the defendant's manager had replied: "We were so busy in the store we did not have time to clean it." It was argued that this statement was tantamount to an admission of actual knowledge of the presence of the banana on the floor. The St. Louis Court of Appeals held that the manager's statement should not be given a strained and conjectural meaning and that it did not warrant an implication of actual knowledge. In the instant case an implication of actual knowledge of the condition of the entryway would be even more conjectural than that requested in the Varner case. The district court did not err in refusing to attach any significance to the remark.

■ 2. The plaintiff's main contention is that the dried condition of the edge of the substance indicated that it had lain in the entryway a sufficiently long time to impart constructive notice of its existence and to enable the defendant to remove it. She argues that this inference is compelled by the decision in Vortriede v. St. Louis Public Service Company, Mo.App., 58 S.W. 2d 492, and that the district court erred in refusing to follow the ruling in that case. In the Vortriede case the plaintiff slipped on a quid of tobacco in descending from the step of a street car. The plaintiff's husband testified that the moisture in the quid was apparent though it was drying out on the outside and that in his opinion, judging by the appearance of the quid, it had been on the step about forty-five minutes. The St. Louis Court of Appeals held that this evidence warranted an inference

that the quid had been on the step a sufficient time to give the crew constructive knowledge of its presence.

The Vortriede case involved the liability of a public carrier to a passenger, not that of a landowner to an invitee, and there was opinion evidence of the length of time that the danger had been present. There is no such evidence in the instant case. These distinctions serve to distinguish that case from this one. If not, its authority is not controlling in view of recent decisions of the Supreme Court of Missouri. In the following cases evidence of the character advanced here is held to be purely conjectural in so far as it is relied upon to indicate the lapse of time necessary to impart constructive notice to the landowner of a dangerous condition of the premises: State v. Shain, 342 Mo. 588, 116 S.W.2d 99; McKeighan v. Kline's, Inc., 339 Mo. 523, 98 S.W.2d 555; and see Stoll v. First Nat. Bank of Independence, Mo.Sup., 134 S.W.2d 97; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369.

In State v. Shain, supra, the Supreme Court of Missouri quashed the opinion of the Kansas City Court of Appeals in Stanfill v. Trading Post Co., 106 S.W.2d 952. The Court of Appeals had held that an inference of constructive notice might be drawn from the bruised and darkened condition of lettuce leaves and a celery stalk lying upon the floor of defendant's store and upon which plaintiff slipped and fell. The Supreme Court held that while it might be inferred that the mashed and darkened condition of the vegetable matter was caused by customers walking on it, the length of time necessary to create such a condition was a matter of speculation. And the decision of the Court of Appeals was held in conflict with the decision of the Supreme Court of Missouri in McKeighan v. Kline's, Inc., supra. In the McKeighan case the court held that it was a matter of conjecture as to how long oil and water, tracked into the defendant's entryway from an alley, had been permitted to remain there. In both the Shain and McKeighan cases the plaintiffs slipped on foreign substances on the floors of the defendants' stores; and the physical conditions indicated that some length of time had elapsed during which these substances had been permitted to remain there, but whether it was sufficient time in which to impart constructive notice of a dangerous condition of the premises was held a matter of conjecture.

The same conclusion is required in the instant case. There is no evidence upon which the court could have based an estimate of the length of time that the slippery spot remained in the entryway prior to the accident. It may be true, as plaintiff argues, that a court may take judicial notice that time was required for the substance to reach a dried condition around the edges. The court should not speculate, however, on the length of time necessary for it to achieve this condition. The court did not err in sustaining defendant's motion for judgment.

The judgment is affirmed.