(No. 6974.   April 23, 1942)

SAMUEL HALL and INEZ HALL, Respondents, v. BOISE PAYETTE LUMBER COMPANY, a corporation, Appellant.

(125 Pac. (2d) 311)

Milton E. Zener, for Appellant.

Glenn A. Coughlan and Merrill & Merrill, for Respondents.

HOLDEN, J.—In April, 1940, Samuel and Inez Hall, husband and wife, were engaged in remodeling their home at Montpelier, Idaho. On the 20th, Mrs. Hall

entered appellant's store for the purpose of obtaining bathroom material. She walked down the aisle to the rear of the store. At that time appellant's manager was preparing a statement for a Mr. Perkins. Upon approaching these men, she asked Mr. Perkins what kind of material he had used in bathrooms when he remodeled a certain hotel, and he told her it was wallboard. Whereupon the manager said, "I think we have a sample, Mrs. Hall, around the corner," pointing the direction Mrs. Hall was to go. Near the point where this conversation occurred, there was an archway in the east wall of the store, from which extended a hallway running in an easterly direction. On the north side of the hallway a door led outside; on the south side there were two doors, the first one opening into a dark basement and the other into a toilet. Mrs. Hall had never been in that part of the building before. The door to the basement was unlocked and swung in and over a precipitous stairway. There was no platform leading from the threshold of the door—it abruptly descended to the first step. The stairway consisted of twelve steps descending into the basement about eight feet to the cement floor at the bottom. Its direction was southerly and there was no railing on the east side, a cement wall on the west with nothing to catch hold of. Mrs. Hall, following the manager's directions, walked to the first door "around the corner." On opening the door she was at once thrown off balance, and fell down the entire flight of stairs, striking her head on a shovel which lay on the cement floor of the basement, and otherwise bruising her body and sustaining severe injuries.

August 15th, 1940, the Halls commenced this action to recover damages for the injuries so suffered by Mrs. Hall. The cause was tried April 14th, 1941. The jury returned a verdict in favor of the plaintiffs for the sum of $7,500 and judgment for that amount was entered thereon. April 25th, 1941, defendant Boise Payette Lumber Company filed notice of intention to move for a new trial. July 15th, 1941, its motion for a new trial was denied. September 10th, 1941, the defendant company

appealed to this court from the order overruling its motion for a new trial.

The several grounds relied upon by the defendant company for a reversal of the order appealed from, will be discussed in the order of their respective importance.

First: It is admitted by appellant that Mrs. Hall entered the store as its prospective customer. What duty, then, did the defendant company owe this prospective customer or invitee? That duty is defined by this court in the following cases:

*Carr vs. Wallace Laundry Company,* 31 Ida. 266, 170 Pac. 107:

"A person who invites another to come on his premises upon a business in which both are concerned is bound to take care that his premises and all appliances provided by the owner as incidental to the use of his premises are safe for that other person to come upon and use them as required, or else to give due warning of any danger to be avoided."

*Williamson v. Neitzel,* 45 Ida. 39, 260 Pac. 689:

"To one who enters a place of business under the proprietor's implied invitation to the public for purposes of dealing with him in any line of business there conducted, the proprietor owes a duty of maintaining the premises in a reasonably safe condition and of exercising reasonable care in protecting him from injury."

*Martin v. Brown,* 56 Ida. 379, 54 Pac. (2d) 1157:

"The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings who directly or by implication invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils."

And in 20 R. C. L., page 66, it is said:

"A person who owns or maintains a public place of business, is bound to keep it and the passage ways to and from it in safe condition, and use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. A merchant or shopkeeper who maintains ware rooms for exhibitions and sale of goods impliedly solicits patronage and one who accepts the in-

vitation to enter is not a trespasser or mere licensee, but is rightfully upon the premises by invitation and entitled to all the rights of injured persons. The floors and passage ways of the building must be kept in a reasonably safe condition; and the same is true of stairways, elevators, doors, windows, and other places and appliances."

Whether maintaining an unlocked door swinging in and over a precipitous stairway down into a dark basement; whether maintaining such a door without warning sign thereon, or any hint that the door led into a basement and not into another room; whether maintaining such a door opening into a dark basement abruptly descending from the threshold to the first step; whether the absence of a railing on the east side of the stairway, leaving that side without anything to catch hold of, with a cement wall on the west side; and, whether the failure of the manager to warn Mrs. Hall, constituted negligence on the part of appellant, and whether the acts and conduct of Mrs. Hall constituted contributory negligence, were questions for the jury. (*Stearns v. Graves*, 62 Ida. 312, 111 Pac. (2d) 882, 884; *Byington v. Horton*, 61 Ida. 389, 401, 102 Pac. (2d) 652, 657; *Asumendi v. Ferguson*, 57 Ida. 450, 465, 65 Pac. (2d) 713.)

Furthermore, conceding, but not deciding, that one person might reasonably draw the conclusion that the maintenance of the door in question in the circumstances hereinabove stated, did not constitute actionable negligence, another might, with equal reason to say the least, conclude it constituted actionable negligence. This court held in *Fleenor v. Oregon Short Line R. Co.*, 16 Ida. 781, 102 Pac. 897:

"Where the evidence on material facts is conflicting, or where on undisputed facts reasonable and fair-minded men may differ as to the inference and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, the question of negligence is one of fact to be submitted to the jury." *Denton v. City of Twin Falls*, 54 Ida. 35, 28 Pac. (2d) 202; *Call v. City of Burley*, 57 Ida. 58, 69, 62 Pac. (2d) 101; *Bennett v. Deaton*, 57 Ida. 752, 767, 68 Pac. (2d) 895.

Second: That the court erred "in permitting the

plaintiffs to amend their complaint at the close of the second day of the trial, and, by such amendment placing in issue a claim of fracture of the skull of the plaintiff Inez Hall resulting from the accident."

■ Under Section 5-905, I. C. A., an application to amend is

"Addressed to the sound discretion of the trial court, to be exercised, according to the admonition of the statute, in the furtherance of justice." *Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91; *The Mode, Ltd., v. Myers,* 30 Ida. 159, 162, 164 Pac. 91; *Powers v. Security Savings and Trust Co.,* 38 Ida. 289, 296, 222 Pac. 779.

Third: That the court erred "in granting a continuance following this leave to amend equivalent to only one-half day in which to permit the defendant to meet this issue."

The record discloses the court granted respondents leave to amend at about five o'clock on a Tuesday afternoon, and that, having granted permission to amend, the trial of the cause was continued until two o'clock in the afternoon of the following day. This continuance was granted to enable the defendant company to cause X-ray pictures to be taken of respondent Inez Hall, and accordingly appellant did have X-ray pictures taken Tuesday night at Pocatello, Idaho.

■ The trial of the cause was resumed at two o'clock in the afternoon of the next day without any objection whatever on the part of the appellant that the time granted by the court had proved to be insufficient, nor did appellant make application for additional time. If the continuance granted by the trial court was actually insufficient to enable appellant to fully defend against the amendment, it must have known that at the time the trial of the cause was resumed. Nevertheless, no application was made for additional time and no complaint made that the time granted was not sufficient; hence, the court had the right to assume the time it had granted appellant was ample and that appellant was fully prepared and ready to resume the trial of the cause.

■ Furthermore, no showing whatever was made by affidavit, or otherwise on appellant's later motion for a

new trial, that the time granted by the trial court was not sufficient to enable appellant to prepare its defense to the amendment, nor that appellant could have submitted evidence of any additional facts or circumstances if it had been given more time. The question now sought to be raised should have been first raised in the trial court and that court given opportunity to pass upon the matter. It comes now too late. Where a litigant makes no objection at the time and invokes no ruling of the trial court, there is no error of which he may later complain. (*Geist v. Moore,* 58 Ida. 149, 176, 70 Pac. (2d) 403; See also: *State v. Geyser,* 38 Ida. 57, 60, 219 Pac. 775; *State v. Wilson,* 51 Ida. 659, 9 Pac. (2d) 497; *State v. Davis,* 57 Ida. 413, 65 Pac. (2d) 1385.)

Fourth: That the court erred in refusing "to grant defendant's motion to strike certain testimony of the plaintiff relating to conversation or statements claimed to have been made by Eugene P. Shepherd (manager)."

The record shows that immediately after the accident, Mr. Perkins and the manager went down into the basement to assist Mrs. Hall. On the first day of the trial of the cause when inquiries were being made as to what was said by the manager at that time, Mrs. Hall testified on direct examination, without objection:

"A. Mr. Shepherd remarked he was sorry he did not tell me that was the basement door."

Later, and on the same day, she further testified on direct examination:

"Mr. Shepherd said he would take the blame for that accident, Mrs. Hall."

On the fourth day of the trial appellant moved to strike that testimony and the court denied the motion. The weight of judicial opinion seems to be it is not error to refuse to strike testimony which has been admitted without objection. Attention is directed to the following, among numerous cases:

*Priestly v. Law,* (N. M.) 262 Pac. 931:

"Motion to strike evidence admitted without objection is addressed to discretion. * * * A cause of action may be supported by evidence inadmissible, but received without

objection and which the court, in its discretion, has refused to strike."

International News Service v. News Publishing Co. (Okla.) 247 Pac. 87, 90:

"The rule has been announced in several decisions of this court that a party to a suit cannot speculate on the testimony to be introduced by the adverse party, and, after the introduction of such testimony without objection, move to strike on the ground that such testimony is incompetent." (Adhered to and followed in Phillips Petroleum Co., et al. v. Williams, 62 Pac. (2d) 1169.)

Kohlhauer v. Bronstein (Cal.) 67 Pac. (2d) 1078:

"Where no objection was made prior to the answer of witness to interrogation as to whether witness made statement to defendant motorist after collision implying that motorist was negligent, denying motion to strike such testimony held not error."

In the case at bar, as above pointed out, the testimony appellant sought to have stricken was given and admitted on the first day of the trial, and the motion to strike was not made until the fourth day of the trial. Under these circumstances, we have no hesitancy in holding the motion came too late.

Fifth: That the court erred in giving Instruction No. 10 "as it would be applied particularly to the statements of the witness Eugene P. Shepherd (the manager)," referring to the above quoted testimony of Mrs. Hall stating what the manager said to her immediately following the accident.

Instruction No. 10 follows:

"You are instructed that the defendant in this case is a corporation and as such can only act by and through its servants, agents, or employees. It is bound at all times by that which such agents may have done while acting on its behalf and in the scope of their employment."

This court is committed to the rule that "if instructions given are correct as far as they go [and appellant here does not contend the foregoing instruction is not correct as far as it goes], it cannot be assigned as error that the court omitted to instruct on all points involved in the case if the attention of the court has not

been directed thereto by special requests for instructions on those points." (*Owen v. Taylor,* 62 Ida. 408, 114 Pac. (2d) 258, 261; *Boomer v. Isley,* 49 Ida. 666, 290 Pac. 405; See also: *Tyson Creek R. Co., v. Empire Mill Co.,* 31 Ida. 580, 174 Pac. 1004; *Hayhurst v. Boyd Hospital,* 43 Ida. 661, 254 Pac. 528; *French v. Tebben,* 53 Ida. 701, 27 Pac. (2d) 475.)

We conclude the order appealed from must be affirmed, and it is so ordered. Costs awarded to respondents.

Givens, C.J., Budge, Morgan, and Ailshie, JJ., concur.