(No. 7127.  October 5, 1943.)

WALTER H. FINN, Appellant, v. H. L. REES and BERNICE REES, Respondents.

[141 Pac. (2d) 976.]

A. H. Wilkie and H. W. Soule for appellant.

Ralph L. Albaugh and Errol H. Hillman for respondents.

**184**

BUDGE, J.—On April 28, 1942, appellant petitioned the District Court of the Ninth Judicial District for a writ of habeas corpus wherein among other things it is alleged that petitioner: "is the natural father of Winefred Ann Finn, born September 10, 1937, and Walter G. Finn, born November 30, 1938, to your petitioner and his lawful wife, Mary Alice Madge Finn, who died during February, 1941.

"That said children are unjustly and unlawfully detained from your petitioner, their father and natural guardian, by H. L. Rees and Bernice Rees at Idaho Falls, Bonneville County, Idaho, and the illegality of their detention consists in this:

"That said H. L. Rees and Bernice Rees, husband and wife, hold and detain said children under a void order of adoption made and entered in the Probate Court of Bonneville County, Idaho, on July 6, 1942, wherein Julias Abter and Frances E. Abter are represented to be the parents of said children, based upon alleged abandonment and an order of adoption made and entered in the Probate Court of Bingham County, Idaho, on April 20, 1942; that your petitioner had not abandoned said children and had no notice of either of said alleged adoption proceedings, and both were had without his knowledge or consent.

"That petitioner had not been deprived of his civil rights, or adjudged guilty of adultery or cruelty, or for either cause divorced, nor had he been adjudged to be a habitual drunkard, nor judicially deprived of his said children by any judicial tribunal, except in said Bingham and Bonneville adoption proceedings.

"WHEREFORE, YOUR PETITIONER PRAYS that a writ of habeas corpus issue, directed to the said H. L. Rees and Bernice Rees, his wife, commanding them to have the bodies of said Walter G. Finn and Winefred Ann Finn, by them illegally detained, together with the time and cause of detention, before the said court, to do and receive what shall then

and there be considered proper concerning the said minor children in pursuance of the statutes in such cases made and provided * * *."

Whereupon the District Court of said Ninth Judicial District made and issued the following order:

"Now THEREFORE It is ordered that a writ of habeas corpus issue out of and under the seal of said court, directed to said Julius and Frances E. Abter and H. L. and Bernice Rees, as aforesaid, commanding them to have the bodies of said Winefred Ann Finn and Walter G. Finn in the court room of said court in Idaho Falls, Bonneville County, Idaho on the 11 day of September 1942 at 10 o'clock A.M. of that day to do and receive what shall then and there be considered proper concerning the said Winefred Ann Finn and Walter G. Finn, together with the time and cause of their detention * * *."

To the writ, H. L. and Bernice Rees made the following return:

"That, the children are detained under and by virtue of an order of adoption duly issued out of the Probate Court of Bonneville County, on the 6th day of July, 1942."

On September 11, 1942, the return date, the cause came on for hearing and appellant was granted until September 19, 1942, in which to answer the return to the writ. September 23, 1942, appellant's answer was filed in the District Court. The cause came on for trial October 12, 1942. On January 8, 1943, the court made and entered its findings of fact, conclusions of law and judgment denying the writ, from which this appeal is prosecuted.

Appellant specifies and relies upon seven assignments of error. It being first contended in findings Nos. 1 and 2 that the court erred in not making a finding as to the jurisdiction of the Probate Court of Bingham County, and as to the legality of the Abter adoption proceedings in said county. It appears from the record that Julius and Frances E. Abter, great-grandparents of Winefred Ann and Walter G. Finn, petitioned the Probate Court of Bingham County to adopt the above named children prior to the adoption proceedings had in Bonneville County. In the Bingham County order of adoption it is recited: "that said Julius Abter and Frances E. Abter, his wife, are inhabitants and residents of the County of Bonneville, State of Idaho." Sec. 31-1106,

I.C.A., provides: "The person adopting a child, and the child adopted, and the other persons, if within or residents of the county, whose consent is necessary, must appear before the Probate Judge of the county *where the person adopting resides,* and the necessary consent must thereupon be signed * * *." (Italics ours.) Conceding, but not deciding, that the adoption proceedings had in Bingham County were void or voidable, it does not necessarily follow that the adoption proceedings had in Bonneville County were void. Respondents do not rely upon the adoption proceedings had in Bingham County but upon the adoption proceedings had in Bonneville County. It was therefore unnecessary for the trial court to make a finding as to the jurisdiction of the Probate Court of Bingham County, or as to the legality of the Abter adoption proceedings had in said county. "Moreover, the record before us shows that the appellant made no request for specific findings on said issues. Under such circumstances, it will be presumed that findings on such issues, if made, would have been against the appellant." (*Reid v. Keator,* 55 Ida. 172, 184, 39 P. (2d) 926; *Gould v. Hill,* 43 Ida. 93, 110, 251 P. 167, and cases cited therein.)

Appellant attacks finding No. 3 upon the ground that the evidence is insufficient to support said finding that appellant abandoned the children in October, 1941, or at any other time. Upon this point there is a direct conflict in the evidence. "It is the settled law of this state that an appellate court will not disturb the findings or judgment of the trial court where there is a substantial conflict of the evidence. This rule applies with equal force in actions at law and suits in equity, where a trial is had on oral evidence." (*Smith v. Faris-Kesl Const. Co., Ltd.,* 27 Ida. 407, 418, 150 P. 25.) In *Jain v. Priest,* 30 Ida. 273, 288, 164 P. 364, the following language is used:

"We hold this rule applies to a habeas corpus proceeding of a civil nature to determine the right to the custody of children as well as to other actions at law or suits in equity."

The evidence upon the question of abandonment is voluminous. However, the record abundantly supports the following finding:

"That prior to the institution of this action the said petitioner neglected and abandoned said children; that he left them at the home of their [great] grandparents, Julius Abter and Frances Abter, at Idaho Falls, Idaho, in late

October, of 1941, and disappeared, making no provision for their support, writing back only at Christmas time and sending only $5.00 to support said children from October, 1941, until April 2, 1942; that during much of this time the [great] grandparents of said children had to depend upon charity to provide the children with food and clothing."

It appears that about the latter part of October, 1941, appellant took the children to the home of the great-grandparents in Idaho Falls and just dumped them off without making any arrangements whatever for their support and care; that the children had the whooping cough and the great-grandmother informed appellant they needed medicine that night. However, he left and returned the following morning without any medicine. The great-grandmother thereupon informed him she wanted him to get some "Vicks" for the babies but he rode off and she did not see him again until April, 1942. The great-grandmother wrote to him but the letters came back. She made inquiry among his relatives but none of them knew his whereabouts. When appellant did return to the home of the great-grandparents on April 2, 1942, he came at 11 o'clock in the evening and remained until 1 o'clock in the morning. They never heard from appellant after that at all until the commencement of this proceeding. When he departed on the occasion of the April visit, he stated "he didn't know where he was going, or if he would go to Alaska or Pearl Harbor", and that "he was through with this country, this damned country never give him anything, and he didn't have anything to give the country."

█ The record is replete with testimony of a most damaging character. Appellant, from the date of the birth of the two little children, has never assumed the responsibilities and duties of a natural parent. He has been married at least twice since the death of the mother of the children in February, 1941, has inflicted cruel and inhuman corporal punishment upon the children by "slapping, whipping, beating, bruising them," has never provided them a home or furnished them with necessary food or clothing. He has wandered from state to state, from place to place, from the date of marriage to their mother up until the hearing of the cause, and has shown no love or affection for the children or evidenced any desire for their future welfare. When all of these facts and circumstances are taken into consideration, and others not herein recited, there is ample evidence

to support the court's finding of abandonment. The word "abandonment" is held to mean to desert or forsake. (*Joyce v. Murphy Land Etc., Co.*, 35 Ida. 549, 208 P. 241.) Appellant having abandoned the children, he thereby lost all parental right to, or control over them, and his consent to their adoption by the Reeses in the Probate Court proceedings of Bonneville County was unnecessary. Neither was he entitled to notice of adoption proceedings. (*Andrino v. Yates*, 12 Ida. 618, 87 P. 787; *Nugent v. Powell*, 4 Wyo. 173, 33 P. 23, 20 L.R.A. 199, 62 Am. St. Rep. 17; In re Marks' Adoption, 287 N.Y.S. 800, 159 Misc. 348; *Gardner v. Hall*, 26 A. (2d) 799, 132 N.J. Eq. 64; In re Hazuka's Adoption, 29 A. (2d) 88, 345 Pa. 432; *Fielding v. Highsmith*, (Fla.) 13 So. (2d) 208.)

In the order of adoption of the Probate Court of Bonneville County it is recited: "that the consent of Frances E. Abter and Julius Abter, parents of said children, is the only consent necessary to said adoption." While it is true the Abters are designated as parents of said children, they were not parents, strictly speaking. They were the foster parents of the mother of the children and foster parents of the children abandoned to them by appellant, until adopted by the Reeses. They were the next of kin in the county and upon them the children were dependent for their food and care. We do not think this recital, under the facts of this case, would warrant holding that the order of adoption was void.

In *Garner v. Alexander*, 167 Ore. 670, 120 P. (2d) 238, 240, it is held:

"Proceedings in habeas corpus are in the nature of a collateral attack, and consequently errors or irregularities which might render a judgment voidable cannot be reached by habeas corpus."

The Probate Court is a court of general and exclusive jurisdiction in adoption proceedings. (*Clark v. Rossier*, 10 Ida. 348, 78 P. 358; *Moyes v. Moyes*, 60 Ida. 601, 94 P. (2d) 782.) In the instant case the Probate Court had jurisdiction of the children and the cause and jurisdiction to render the particular judgment or order assailed, all of which appears upon the face of the proceedings had.

There is no merit in appellant's assignments of error Nos. 4 and 5, predicated upon the admission of evidence establishing the cruel and inhuman treatment of the

children, and that appellant is unfit by reason of cruelty and neglect to exercise his natural right of control over them. All facts and circumstances consisting of cruelty, neglect and failure to provide the bare necessities of life were properly admitted and were material issues in the case as they proved or tended to prove abandonment. Abandonment may be shown by facts and circumstances as well as by direct evidence. (In re Hazuka's Adoption, supra; *Gardner v. Hall,* supra; *Andrino v. Yates,* supra.) In many jurisdictions, the term "abandonment" as used in the statutes has been construed to mean no more than neglect to furnish care and support which parents owe to their children. (*Nugent v. Powell,* supra; 1 R.C.L. 609.)

▮▮▮ Appellant complains of finding No. 7, which is to the effect that the Reeses were fit and proper persons to have the care, custody and control of said children, because the evidence was insufficient to support the same. With this contention we are not in accord. There is ample evidence to support the court's finding in this regard.

▮▮▮ Appellant's original legal right as father was forfeited by abandoning the children and cannot now be reasserted to their manifest injury. His strict legal custody has ceased to be a rightful custody, and he is equitably estopped from asserting it as such. "The welfare of the infant is the polar star by which the discretion of the court is to be guided." (*Andrino v. Yates,* supra.) That being true, the welfare of the children is the main object to be attained. (*In re Martin,* 29 Ida. 716, 161 P. 573; *Krieger v. Krieger,* 59 Ida. 301, 306, 81 P. (2d) 1081.)

Assignment of error No. 7 has heretofore been discussed under assignments of error Nos. 1 and 2.

▮▮▮ As we view the evidence, no justification could be found that would warrant changing the custody of the children, or disturbing the order of adoption, or the judgment appealed from. From what has been said, it follows that the judgment is affirmed with costs to respondents.

Holden, C.J., and Ailshie, Givens, and Dunlap, JJ., concur.