186 P.2d 218

**ARESTIZABAL v. ARESTIZABAL.**

No. 7376.

Supreme Court of Idaho.

Nov. 8, 1947.

R. Don Bistline and O. R. Baum, both of Pocatello, for appellant.

Black & Black, of Pocatello, for respondent.

HOLDEN, Justice.

This is a suit for divorce. September 18, 1946, plaintiff and respondent filed complaint for divorce charging extreme cruel-

ty and alleging the particulars. October 8, 1946, defendant and appellant filed an answer to the complaint in which he denied the charge. The cause was tried January 3, 1947. January 15, 1947, findings of fact and conclusions of law were made and filed in favor of plaintiff and respondent and against defendant and appellant, and on the same day decree of divorce was entered thereon. March 28, 1947, defendant appealed.

Appellant relies primarily for reversal of the decree upon the ground the evidence is insufficient to support the decree in that the acts alleged to constitute extreme cruelty were petty, trivial and inconsequential, and that all the acts complained of were forgiven and condoned; and, further, that the court failed to make a finding of fact on the question of condonation and forgiveness.

■ On the question as to whether the acts complained of were sufficient to constitute extreme cruelty or were simply petty, trivial, and inconsequential as contended by appellant, the record discloses: That appellant was always nagging at respondent; that he found fault with everything she did or wore; that if she "fixed up it was always to look nice for somebody else"; that he insisted respondent neglected him for some one else; that "Lots and lots of times he [appellant] would call me [respondent] a black son-of-a-bitch Mexican and a whore"; that appellant and respondent had trouble over a fur coat respondent bought; that appellant thought respondent bought the coat because she "wanted to look good for other men".

It furthermore appears from the testimony of Maria Hernandez, a sister of respondent, that appellant slapped respondent with the result that "blood was coming out of her mouth and nose"; that appellant called respondent a "son-of-a-bitch and a whore and a black Mexican". If calling one's wife a "son-of-a-bitch and a whore", is something "petty" and "trivial", we cannot imagine what epithets would be considered substantial and sufficient to constitute extreme cruelty. No wife should be compelled to submit to that.

■■ The record discloses appellant entered the military service July 19, 1944; that he returned home on a furlough in March, 1945; that the epithets applied by appellant to respondent were frequent before he entered the military service and were continued while he was at home on furlough as well as after he returned from the service. While, following these occurrences respondent forgave appellant, inasmuch as appellant continued to nag respondent and to accuse her of wanting to associate with other men, we seriously doubt that forgiving appellant, at different times, would constitute condonation. Moreover, that respondent forgave appellant, under the circumstances above stated, was developed on the examination of respondent. Then, too, condonation was not pleaded by appellant. Nor does it appear from

the record appellant presented the question to the trial court as to whether respondent had, or had not, condoned the acts of cruelty complained of. Furthermore, appellant did not request the trial court to make a finding on that question.

In Nelson v. Altizer, 65 Idaho 428, 433, 144 P.2d 1009, 1011, this court said: "It has been held that, in order to raise the question as to failure of the court to find on an issue, the aggrieved party must call the matter to the attention of the trial court, either by a requested finding, motion, or otherwise; and that failure to do so is a waiver of the error, if any has been committed." To the same effect: Finn v. Rees, 65 Idaho 181, 141 P.2d 976; Anderson v. Lloyd, 64 Idaho 768, 139 P.2d 244; Mitchell v. Munn Warehouse Co., 59 Idaho 661, 674, 86 P.2d 174; Reid v. Keator, 55 Idaho 172, 184, 39 P.2d 926.

And this court in Hall v. Boise Payette Lumber Co., 63 Idaho 686, 693, 125 P.2d 311, 314, held: "The question now sought to be raised should have been first raised in the trial court and that court given opportunity to pass upon the matter. It comes now too late. Where a litigant makes no objection at the time and invokes no ruling of the trial court, there is no error of which he may later complain."

Finally, where, as in the case at bar, no request for findings was made, it will be presumed that a finding on the issue of condonation, if made, would have been against appellant. Nelson v. Altizer, supra; Finn v. Rees, supra; Reid v. Keator, supra; Gould v. Hill, 43 Idaho 93, 110, 251 P. 167.

The decree must be affirmed and it is so ordered with costs to respondent.

BUDGE, C. J., and GIVENS, MILLER and HYATT, JJ., concur.