190 P.2d 130

### LINGENFELTER v. EBY et al.

### EBY et ux. v. LINGENFELTER et al.

### No. 7375.

Supreme Court of Idaho.

Feb. 18, 1948.

W. B. Bowler, of Boise, for cross-defendant, Earl F. Eby.

Hawley & Hawley and Claude V. Marcus, all of Boise, for respondents.

Hamer H. Budge and Dale Clemons, both of Boise, for appellant.

HOLDEN, Justice.

This is a suit to quiet title to an undivided two-ninths interest in and to certain real property located in Ada county, together with an undivided two-ninths interest in and to certain uncut diamonds.

It appears, to use the language of appellant, that "Eugene W. Eby and Anna M. Eby were married on June 24, 1890, in the State of Nebraska. They migrated to Idaho, and in 1908 bought the real property which is involved in this action." It further appears three children were born of this marriage, namely, Vivian (Eby) Lingenfelter, appellant herein, Waldo W. Eby, respondent, and Earl F. Eby, nominally a respondent. It also appears that following the purchase of the property Eugene W. Eby and Anna Eby built a house, barn and other buildings on the property and reared a family and continued to live on the property as their home until after the death of the mother, Anna M. Eby, April 1, 1937. Many years after the purchase of the real property, Eugene W. Eby and Anna M. Eby were arrested on a charge of violating the federal Prohibition Act, 27 U.S.C.A. § 1 et seq. Following their arrest and before conviction, the Ebys, November 4, 1929, for a recited consideration of one dollar, conveyed the real property so acquired by them to their son, Earl F. Eby. Both were convicted February 14, 1930, and given jail sentences, Eugene W. Eby twelve months and Anna M. Eby eight months. December 1, 1930, Earl F. Eby conveyed the property (excepting certain of the property theretofore conveyed by him by quitclaim deed to one A. H. Smith) to his mother, Anna M. Eby, one of his grantors, for a recited consideration of the sum of $1, no money, in fact, being paid.

Following the death of Anna M. Eby, Eugene W. Eby again married February 26, 1938. March 12, 1940, Eugene W. Eby filed a petition in the probate court of Ada county for the purpose of having the property in question adjudged to be and distributed to him as the community property of himself and his first wife, Anna M. Eby, then deceased. April 11, 1940, a decree adjudging the property to be community property and decreeing it as such to Eugene W. Eby was rendered and entered in that court. April 17, 1940, Stella Eby (the second wife) commenced a suit for divorce in the district court in and for Ada county against Eugene W. Eby, as well as to recover a money judgment. On the same day lis pendens was filed and recorded. Following the commencement of the suit for divorce, Waldo W. Eby wrote appellant and her husband and then called them by phone and, at the direction of appellant's husband, went to the court house and obtained certain papers; having done that, he took the papers to California and discussed the existing situation with appellant and her husband, after which appellant's husband prepared an affidavit for the signature of respondent, Waldo W. Eby, for later use in support of a motion to be filed in the said probate court in the Matter of the Estate of Anna M. Eby, Deceased, to set aside the decree theretofore rendered and entered as aforesaid, adjudging the property in question to be community property.

August 2, 1940, Waldo W. Eby filed in said probate court in said proceeding a motion to set aside the decree entered April 11, 1940, adjudging the property to be community property. Thereafter, August 24, 1940, Waldo signed the affidavit prepared by appellant's husband, as aforesaid, and then filed the same in said probate court, in said proceeding, in support of said motion. The affidavit, in so far as pertinent here, stated: "That said Eugene W. Eby, as surviving husband, was entitled only to his share and interest as a surviving husband in the separate property of the deceased wife, and that affiant [Waldo W. Eby] and his said brother [Earl F. Eby] and sister [Vivian Eby Lingenfelter] were entitled to such rights and interests in said property and estate as separate property and estate of said decedent [Anna M. Eby], as provided by law;" that affiant [Waldo W. Eby] "if said decree of distribution be set aside, intends to and will file in the above entitled proceeding [In the Matter of the Estate of Anna M. Eby, Deceased] a written opposition to said petition of said Eugene W. Eby, wherein and whereby affiant [Waldo W. Eby] will deny the allegations of said petition to the effect that said property and estate were or are community property and will allege that all thereof was and is the separate property of said decedent. * * *"

January 27, 1941, Homer Lingenfelter, an attorney practicing law at Marysville, California, and husband of appellant (who the record shows acted for appellant in various matters affecting the property in question prior to the commencement of this suit), wired respondent, Waldo Eby, that "if conveniently possible judgment [referring to the Stella Eby judgment, rendered and entered November 8, 1940] should be paid stop satisfactory for you to take deed yourself and Vivian's [referring to appellant] interest can be recognized when I contribute my part." Shortly thereafter, February 7, 1941, Waldo paid the sum of $1056.31 in full satisfaction of the judgment.

September 14, 1943, Homer Lingenfelter wrote respondent Waldo Eby and wife, among other things: "She [appellant] recognizes and I do that you have throughout the years carried the burden alone—financially and personally, and have earned the right to make decisions and carry them out without a right of criticism from Vivian and certainly without any unsolicited directions from me."

There is ample oral and documentary evidence in the record supporting the above quoted statement to the effect that Waldo had carried the burden alone through the years, in this: That Waldo from time to time rendered substantial and very greatly needed assistance to the parents; that he paid taxes on the property at different times and that he also paid $812.58 to the Federal Land Bank, principal and interest, on its mortgage given by the parents on the property in question.

The record does not show either appellant or her husband ever contributed anything whatever toward the payment of the Stella Eby judgment.

This suit was commenced by Vivian Lingenfelter by the filing of a complaint January 21, 1946, in the district court for Ada county against Waldo W. Eby and Fern Eby, husband and wife, and Fern Eby, as the guardian of Earl F. Eby, an incompetent, to quiet her (appellant's) alleged title to an undivided two-ninths interest in the property. The cause was tried November 18, 1946, on an amended answer to appellant's complaint, and on the cross-complaint of respondents, Waldo W. Eby and Fern Eby, his wife, against plaintiff and appellant, and on the answer of Vivian Lingenfelter, plaintiff and appellant, to such cross-complaint, filed as aforesaid, to quiet the alleged title of said cross-complainants to the entire property. Claim of title is based upon a deed from Eugene W. Eby to respondent, Waldo W. Eby, conveying the property in controversy, but reserving a life estate, and on a later deed also made by said Eugene W. Eby conveying the remainder of the fee to respondent, Waldo W. Eby.

January 23, 1947, findings of fact and conclusions of law were made and filed and on the same day decree was rendered and entered in favor of defendants and cross-complainants and against appellant, quieting title to the entire property in question in them, from which an appeal was prosecuted to this court.

On this appeal it is contended the purpose of the conveyance from Eugene W. Eby and Anna Eby, his wife, to Earl F. Eby "seems to have been two-fold: First, for the purpose of defrauding creditors, and, second, for the purpose of securing the grantee for monies owing him by the grantors."

It is argued that "There can be no question as to the purpose of the grantors. Their purpose was fraudulent, and the law is well settled that a fraudulent conveyance vests both legal and equitable title in the grantee as between the parties, and can be objected to or set aside only by defrauded creditors."

And, further, that "As a general rule neither the transferor or the transferee in a fraudulent conveyance can claim relief from the consequences thereof, the law will leave them in the position in which they have placed themselves, refusing affirmative aid to either. This is not only true as to the original parties but as to their heirs and all other persons claiming under them."

It is also contended that Earl F. Eby being so possessed of both the legal and equitable title to the property intended the conveyance he made of the property in question to his mother, to be a deed of gift.

And appellant insists, and we think correctly, that whether the conveyance

from Eugene W. Eby and Anna M. Eby to their son, Earl F. Eby, was for the purpose of defrauding creditors, was a question of intent and also that whether the conveyance from Earl F. Eby to his mother, Anna M. Eby, was a deed of gift, was also a question of intent.

On the trial both sides appear to have let the bars down. All the material facts and circumstances were admitted bearing on the question of alleged fraud as well as the intent of the parties to the deed from Eugene W. Eby and Anna M. Eby to their son, Earl F. Eby, including all the material facts and circumstances bearing on the question of the intent surrounding the making and execution of the deed from Earl F. Eby to his mother, Anna M. Eby. The trial court, as hereinbefore pointed out, found against appellant. Therefore, no useful purpose would be served by reversing the decree and granting a new trial. Bloxham v. Robinson, Idaho, 181 P.2d 189, 191; Pilkington v. Belson, 66 Idaho 724, 731, 168 P.2d 815, 818. Moreover, this court has uniformly held while different minds might reach different conclusions on the evidence, that, where such is the case, however meager the evidence, if it is of a substantial nature and character, the findings of the trier of fact should prevail. Smith v. Clearwater County, 65 Idaho 271, 278, 143 P.2d 561; In re Estate of Randall, 58 Idaho 143, 146, 70 P.2d 389; McKissick v. Oregon Short Line R. Co., 13 Idaho 195, 89 P. 629; Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 803, 102 P. 897; Denton v. City of Twin Falls, 54 Idaho 35, 43, 28 P.2d 202; Call v. City of Burley, 57 Idaho 58, 69, 62 P.2d 101.

Turning now to the contention concerning certain uncut diamonds: Appellant alleged the diamonds were the sole and separate property of the said Anna May Eby and a part of her estate, which respondents, Waldo W. Eby and Fern Eby, denied. The burden of proving these allegations was, of course, on appellant. In an effort to prove, as alleged, the diamonds were the sole and separate property of Anna M. Eby, appellant called Frank J. Kester, court reporter of the court in which this case was tried. Kester testified that, January 16, 1946, at the request of appellant, he attended a hearing in the probate court of Ada county in a proceeding entitled "In the Matter of the Estate of Anna May Eby, Deceased"; that respondent, Waldo W. Eby, testified and that he (Kester) made shorthand notes of the testimony. From the shorthand notes Mr. Kester testified that respondent, Waldo W. Eby, testified:

"Q. How did your mother acquire these personal effects? A. As I understand, the rings that I have any record of and know anything of, was bought by my father in Omaha, Nebraska, a good many years ago.

"Q. And did you know if they were given to your mother? A. I presumed

that they was. *I don't know."* (Emphasis added.)

The record discloses Eugene W. Eby and Anna M. Eby were married at Craig, Nebraska, June 24, 1890, and that they moved to Idaho in 1899 or 1900. It appears the diamonds were bought by Eugene W. Eby at Omaha, Nebraska, apparently before the Ebys moved to Idaho. On the question as to whether Eugene W. Eby gave the diamonds to his wife, Anna M. Eby, respondent, Waldo W. Eby, testified, as above disclosed, he presumed they were, but that he did not know. It will be noted Waldo did not testify his father gave the diamonds to his mother, and if he had, it would not have proved anything because he immediately, and in answer to the same question, testified he did not know. We think it is proper to add at this point that we are not passing on the admissibility of the Kester testimony. That is not before us.

Furthermore, there is evidence Eugene W. Eby sold the diamonds, first giving appellant an opportunity to purchase them. And, further, Eugene W. Eby was in a better position to know whether he had given the diamonds to his wife as her sole and separate property than anyone else. Inferentially, he treated the diamonds as community property by selling them. Moreover, and as above pointed out, the burden was on appellant to prove the allegations concerning the diamonds. The court did not under the evidence find the diamonds were the sole and separate property of Anna M. Eby, as alleged by appellant, and while different minds might reach different conclusions, we conclude, applying the rule hereinbefore stated, that the finding of the trier of fact should not be disturbed.

■ We come now to certain alleged errors specified by appellant. She complains: "The Court erred in admitting, over objection, the testimony of Waldo W. Eby of self-serving utterances made by Eugene W. Eby, deceased", directing our attention to a certain page of the record on appeal, where we find no objection whatever was made by appellant to the alleged "self-serving utterances" complained of. What we find is this:

"Mr. Clemons: I don't believe that is responsive at all. It is merely reciting this man's belief which we are not interested in.

"The Court: Ask another question.

"Mr. Marcus: I believe that is all."

■ And appellant insists "The equitable principle of estoppel became an issue in this case when Waldo W. Eby denied in court his previous sworn statements" [apparently referring to statements contained in the affidavit above mentioned and quoted, prepared by appellant's husband and signed by Waldo].

Then appellant complains "The trial court did not make and enter a finding on this point as to whether or not there was an estoppel as against Waldo W. Eby by reason of his former sworn statements and

testimony in the Probate Court. A finding on this point, if made and favorable to the appellant, would have disposed of the entire case, resulting in judgment for the appellant. It is urged that the Court erred in failing to make this finding."

Assuming, but not conceding estoppel became an issue in the case at bar, we find no request anywhere in the record on the part of appellant requesting the trial court to find on that alleged issue, nor does appellant direct our attention to any place in the record where such a request could be found.

In Nelson v. Altizer, 65 Idaho 428, 433, 144 P. 2d 1009, 1011, this court said: "It has been held that, in order to raise the question as to failure of the court to find on an issue, the aggrieved party must call the matter to the attention of the trial court, either by a requested finding, motion, or otherwise; and that failure to do so is a waiver of the error, if any has been committed", citing Finn v. Rees, 65 Idaho 181, 141 P.2d 976; Anderson v. Lloyd , 64 Idaho 768, 139 P.2d 244; Mitchell v. Munn Warehouse Co., 59 Idaho 661, 674, 86 P.2d 174; Reid v. Keator, 55 Idaho 172, 184, 39 P.2d 926.

And this court in Hall v. Boise Payette Lumber Co., 63 Idaho 686, 693, 125 P.2d 311, 314, held: "The question now sought to be raised should have been first raised in the trial court and that court given opportunity to pass upon the matter. It comes now too late. Where a litigant makes no objection at the time and invokes no ruling of the trial court, there is no error of which he may later complain."

Furthermore, where, as in the case at bar, no request for a finding was made. it will be presumed that a finding on the alleged issue of estoppel, if made, would have been against appellant. Nelson v. Altizer, supra; Finn v. Rees, supra; Reid v. Keator, supra; Gould v. Hill, 43 Idaho 93, 110, 251 P. 167.

These holdings were very recently followed and adhered to in Arestizabal v. Arestizabel, 67 Idaho 492, 186 P.2d 218.

The decree must be affirmed, and it is so ordered, with costs to respondents.

GIVENS, C. J., MILLER and HYATT, JJ., and SUTPHEN, District Judge, concur.