Glen T. SEAL and Zelma T. Seal, Plaintiffs and Appellants,

v.

MAPLETON CITY, Defendant and Respondent.

No. 15948.

Supreme Court of Utah.

July 27, 1979.

Thomas S. Taylor, of Christensen, Taylor & Moody, Provo, for plaintiffs and appellants.

V. Pershing Nelson, Provo, for defendant and respondent.

HALL, Justice:

The plaintiffs appeal from the granting of a motion to dismiss their complaint in a case where they sought a writ of mandamus ordering defendant ("City") to approve a proposed subdivision. Alternatively they sought compensation for an unlawful taking of their property by eminent domain.

In 1974 the City Planning Commission approved plaintiffs' request for a zoning change from agricultural to residential. The request was then forwarded to the City Council which scheduled a public hearing. Subsequently the Council approved the rezoning of plaintiffs' property. In 1975 a Preliminary Plat of plaintiffs' proposed subdivision was presented to the Planning Commission which voted to recommend it for approval to the City Council conditioned upon the solution of a problem of water distribution. A further problem was that certain roads would have to be deleted from the City's Master Street Plan before the proposed subdivision could be approved.

After numerous private and public hearings on the matter, the City Council rejected the construction plan. Plaintiffs were advised that the reasons for such action included problems in water distribution and impairment of other municipal services, conflicts with the Master Street Plan, noncompliance with health regulations regarding soil percolation tests for septic tanks, and failure to file the required "Final" plat within the allotted time. Suit was then filed in district court.

At pre-trial, the judge presiding over the case ruled that plaintiffs had not exhausted their "administrative remedies."[1] Plaintiffs asked for and received a change of judge who later set the case for trial. After a five day trial, that judge also ruled that plaintiffs never did exhaust their administrative remedies prior to the commencement of the suit. Nevertheless, on substantive grounds he denied the writ, ruling that the acts complained of were governmental functions and that the City decision regarding the subdivision was not capricious, arbitrary or discriminatory. The court also dismissed the damage claim, there being no evidence before the court as to the measure thereof.

Although this matter could properly have been disposed of on procedural grounds,[2] because the trial court addressed the substantive issues we too will consider them.

---

1. Mapleton City Code, 1971, 7–4–3 requires that any action or decision of the City Council be appealed to the Board of Adjustment.

2. Failure to follow the procedure of (1) filing a Final Plat as required by Mapleton City Code, 1971, 9–6–5(A); and (2) appealing the decision of the City Council to the Board of Adjustment as noted supra.

■ There is nothing in the record to support a finding that the City was capricious, arbitrary and discriminatory in disapproving plaintiffs' proposed subdivision. The rezoning of property to residential does not give one a *right* to approval of his plans for subdividing. The City, in an expansion movement involving the furnishing of essential public services, has a generous latitude for controlling and administering such expansion and services to advance the public welfare, and a concomitant latitude of discretion to approve plans affecting other citizens and interests. The trial court recognized the public welfare and its equation with the City's responsibility incident to health, cleanliness and over-all supervision of building projects that are or are not to become a part of the City and its administrators' duty to manage. The court concluded that the City had acted reasonably in disapproving plaintiffs' plan and that based on the evidence, any other decision "may well have been capricious, arbitrary and discriminatory against all other citizens of the community and may have halted all other building projects except that of plaintiffs."

■ Plaintiffs appealed before specifically designated findings and conclusions were entered by the trial court, allegedly in the interest of time. Neither of the parties challenged this on appeal; indeed, both treat the memorandum decision as the court's final disposition of the case. Generally, where no request has been made for findings of fact, the presumption is that the trial court found all facts necessary to support its order and judgment.[3] The decision in the instant case was based on believable facts that the court reasonably could find to the effect that: no timely "Final Plat" was filed; the proposed plan conflicted substantially with the existing Master Street Plan; City facilities were inadequate to furnish necessary water; septic tank requirements could not be met due to the nature of the

soil; and another developer's project was turned down for similar reasons. In short, the trial court found that the City had not abused its discretion in disapproving the plan.

■ In light of the foregoing, we need not reach the $150,000 damage claim. In any event, plaintiff failed to prove any damage. Furthermore, under the facts of this case, the City is immune from a damage suit of this nature since its actions are deemed to be a "governmental function."[4] Finally, plaintiffs are barred by their failure to file a verified claim within one year as required by statute.[5]

The judgment is affirmed with costs to City.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

3. *Veach v. Veach*, 122 Mont. 47, 195 P.2d 697 (1948); See also *Farrell v. Turner*, 25 Utah 2d 351, 482 P.2d 117 (1971); *Mower v. McCarthy*, 122 Utah 1, 245 P.2d 224 (1952); *Finn v. Rees*, 65 Idaho 181, 141 P.2d 976 (1943).

4. U.C.A., 1953, 63–30–3; See *Davis v. Provo City*, 1 Utah 2d 244, 265 P.2d 415 (1953).

5. U.C.A., 1953, 10–7–77.