Paul D. LEVIE, Trustee of the Paul D. and Rae Levie Trust, dated November 20, 1973, Plaintiff and Appellant,

v.

SEVIER COUNTY, a political subdivision of the State of Utah, Ivan Mills, Dean C. Nielsen, Elmo Herring, Scott Hawley, Grant Ogden, T. M. Ashman, Arno Bastian, and N. Andy Winget, Defendants and Respondents.

No. 16652.

Supreme Court of Utah.

Aug. 21, 1980.

Earl S. Spafford of Spafford & Dibb, Salt Lake City, for plaintiff and appellant.

K. L. McIff, R. Don Brown, Sevier County Atty., Richfield, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from summary judgment granted to defendants by the District Court, Sevier County, and from its order denying plaintiff's motion for summary judgment. All statutory references are to Utah Code Ann. 1953, as amended, unless otherwise designated. Affirmed. No costs awarded.

Plaintiff owns certain real property in the unincorporated area of Sevier County which he proposes to subdivide into residential lots. The property is in an area zoned for grazing, recreational and forestry uses (GRF–1 Zone). Under Section 8–5–3 of the Sevier County zoning ordinances, however, one–family or two–family residences on three–acre lots are permitted in GRF–1 zones, and a summer home subdivision may be reduced to half–acre lots upon approval of the Sevier County Planning and Zoning Commission (herein "Planning Commission").

Plaintiff first platted his property in half acre lots and submitted his proposed subdivision to the Sevier County Commission (herein "County Commission"). This subdivision was reviewed by the Planning Commission which returned its written recommendation to the County Commission that the subdivision not be approved. Plaintiff's application was thereafter denied by the County Commission.

Plaintiff then replatted his property in three–acre lots, one single–family dwelling to a lot. Plaintiff contends that he was told by the County Clerk to appear at a "public meeting" on April 19, 1977, at which time the County Commission would consider his new proposal. Plaintiff appeared at the public meeting but found his application was not on the agenda, and after the public meeting, "everyone started to walk out of the building". Plaintiff protested that his subdivision application was to be considered, and some of the officials (designated infra) looked at his subdivision plat, and told him that it would not be approved.

Minutes of a meeting designated therein as a meeting of the Planning and Zoning Commission, and dated April 19, 1977, were drafted by a Larry Seibert, a person whose office or capacity is not disclosed. These minutes recite that County Commissioner Herring was present and three of the five members of the Planning Commission. The minutes recite that plaintiff's subdivision is "rejected" for the reason that "though they (sic) meet the technical aspects as to acreage, etc., they still violate the intent and spirit of the Zone by urbanizing a predominantly rural area".

Other than the action noted by the April 19, 1977, minutes, no further action was taken on plaintiff's application for approval of the subdivision. Nor did plaintiff request any further action, but instead, filed this action.

Plaintiff brought this action in mandamus, specifically requesting, in his complaint, that the District Court order the County Commission and the Planning Commission to approve his plat.

Plaintiff and defendants agreed that no factual issue is in dispute, and each moved for summary judgment. The District Court found as a matter of law that the decision of the administrative zoning authority was not arbitrary and capricious as the proposed development is inconsistent with the GRF–1 zone, and further found that the administrative process was not fully completed. It then entered its summary judgment in favor of defendants, and denied plaintiff's motion for summary judgment.

This Court has previously held that administrative remedies must first be exhausted before mandamus will lie.[1] Plaintiff has not made a record in this case which demonstrates that he has exhausted these remedies by presenting this matter to the Sevier County Commission for approval.

---

1. *Lund v. Cottonwood Meadows Co.*, 15 Utah 305, 392 P.2d 40 (1964); *Seal v. Mapleton City*, Utah, 598 P.2d 1346 (1979).

As noted *ante*, the District Court in its order granting defendants' summary judgment ruled that (1) the proposed development here is inconsistent with the GRF–1 zone and (2) the administrative process was not fully completed. Our affirmance in this case is limited to the Court's ruling of failure to exhaust administrative remedies only, as that matter is dispositive. We do refer counsel for both parties, however, to §§ 57–5–3 and 17–27–21, Utah Code Ann., 1953, as amended, which provide that the *County Commission* is charged with the responsibility for approving *subdivision plats* —not the Board of Adjustment.

MAUGHAN and STEWART, JJ., concur.

HALL, Justice (concurring with comment).

The judgment of the trial court encompassed both the merits and the procedural aspects of the case, and it is adequately supported by the record before us. I would therefore affirm the judgment *in toto* rather than affirm on procedural grounds alone.

CROCKETT, C. J., concurs in the concurring opinion of HALL, J.