2002 UT App 1

**MULE–HIDE PRODUCTS CO., INC., Plaintiff and Appellee,**

v.

**Christine WHITE dba Allied Building Components, Defendant and Appellant.**

No. 20010008–CA.

Court of Appeals of Utah.

Jan. 4, 2002.

John Dustin Morris, McKay, Burton & Thurman, Salt Lake City, for Appellant.

Tim Dalton Dunn and Clifford C. Ross, Dunn & Dunn, Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J., and DAVIS and GREENWOOD, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Appellant Christine White, (White) dba Allied Building Components (Allied), appeals the trial court's judgment awarding appellee Mule–Hide Products Co., Inc. (Mule–Hide) $70,980.79 based on its conclusion that White was personally liable for purchases made using an Allied purchase order. We affirm the trial court's decision.

## BACKGROUND

¶ 2 "The factual determinations of the trial court will not be disturbed unless they are clearly erroneous." *Van Dyke v. Chappell*, 818 P.2d 1023, 1024 (Utah 1991) (citations omitted). "In making such a determination, we consider the evidence in a light most favorable to the trial court. We recite the facts in accordance with that standard." *Id.*

¶ 3 In 1993, Ron Case, who owned and operated Ron Case Roofing (Case), filed an application for credit with Mule–Hide as Ron Case Roofing dba Allied Building Components. The application was rejected for sev-

eral reasons. First, Mule–Hide does not authorize roofing contractors who use Mule–Hide products to become distributors. Second, Mule–Hide sells exclusively through distributors and has historically done so as standard practice. Third, Case was not creditworthy.

¶ 4 Shortly following this denial of credit, Allied, apparently a sole proprietorship of Case, was taken over by White, Case's wife.[1] Allied was moved to a new address, new employees were hired, and materials were purchased for sale. Within one year of operation, White desired to stock Mule–Hide products and filled out and executed the requisite credit application and a continuing guaranty with Mule–Hide. The Credit Application and Agreement provided: "Buyer agrees to provide [Mule–Hide] with prompt, written notice of any changes in name, address, ownership or form of business ownership." In addition, the Continuing Guaranty states:

3. *Binding Effect; Revocation.* This Guaranty is a continuing guaranty and shall remain in full force and shall be binding upon Guarantor and Guarantor's heirs, executors, administrators, and assigns notwithstanding the death of one or more of the undersigned, until the expiration of thirty (30) days after written notice by Certified or Registered Mail of revocation is received by [Mule–Hide] at its office first written above and until any and all of the Indebtedness owed to [Mule–Hide] and incurred prior to the expiration of the thirty (30) day period shall have been fully paid.

¶ 5 On or about July 5, 1994, White executed and submitted to Mule–Hide the subject agreement. White, in her individual capacity, also executed and submitted the guaranty that Mule–Hide required because the proprietorship had insufficient assets to otherwise qualify for credit.

¶ 6 White thereupon proceeded to do business with Mule–Hide and on March 19, 1998, Mule–Hide received a purchase order from Allied for materials costing $35,932.00. The

---

1. A fact apparently unknown to Mule–Hide.

order was on Allied's purchase order form, which among other things contained directions to "Ship to: Allied Building Components Sup., 4371 W. 3500 SO., P.O. Box 70271, SLC, UT 84170." The shipping address is the same address used on the credit application and the continuing guaranty executed by White. White denied knowing about or authorizing the order.

¶ 7 In February, 1997, White and Case executed Articles of Organization of Ron Case Roofing Supply, L.L.C. and since then have both been members of the L.L.C. Appellant alleged that on February 13, 1998, a general letter was sent to suppliers by Case indicating that Allied was being purchased by Case. She further contended that this letter met the requirements set forth in the agreement and guaranty. Even if it did, it was undisputed, and the trial court found that there was no evidence to indicate, that this general letter was sent to or received by Mule–Hide, nor was there any record of the letter being sent by certified mail as required by the agreement and guaranty. The trial court concluded that notice[2] was not sent to Mule–Hide and White had not revoked the guaranty.[3]

¶ 8 When, after repeated demands, White/Allied failed to pay for the materials, Mule–Hide initiated this action. White asserts that the order was actually placed by Ron Case Roofing, which ultimately ended up with and consumed the materials. Apparently Ron Case Roofing claimed an offset against Mule–Hide arising from a separate transaction. Inexplicably, White made no effort to join Ron Case Roofing as a party to this litigation.

¶ 9 Following the trial, the trial court made oral findings and conclusions[4] and

granted judgment in favor of Mule–Hide on its claim together with interest, costs, and attorney fees.

## ISSUES AND STANDARD OF REVIEW

¶ 10 On appeal, White argues first that the trial court incorrectly held that she was personally liable for purchases made by Case using an Allied purchase order based on a personal guaranty she signed for Allied, because she did not contractually guaranty to pay the debts of Case. White mischaracterizes this as a legal issue even though it is based on her argument, rejected by the trial court, that the March 19, 1998 purchase was made by Case. The trial court's determination that White made the purchase amounts to a finding of fact, which we review for clear error. *See Young v. Young,* 1999 UT 38,¶ 15, 979 P.2d 338; *see also* Utah R. Civ. P. 52(a).

¶ 11 Next, Appellant argues the trial court's finding that White had knowledge of the purchase order and the operations of Ron Case Roofing Supply was clearly erroneous. A trial court's findings of fact are reviewed under a clearly erroneous standard. *See Young,* 1999 UT 38 at ¶ 15, 979 P.2d 338.

¶ 12 Appellant further argues that the trial court incorrectly applied Utah Rules of Evidence 607, 608, and 402 as well as Utah Code Ann. § 78–24–1, and further abused its discretion when it prohibited relevant cross examination evidence and direct evidence on the issue of an unrelated dispute between Case and Mule–Hide. When a trial court is required to balance factors to determine the admissibility of evidence, the appropriate standard of review is abuse of discretion or reasonability. *See Stevenett v. Wal–Mart Stores, Inc.,* 1999 UT App 80,¶ 8, 977 P.2d

---

2. Mr. Homerding, a former regional sales manager for Mule–Hide from 1997 through the fall of 1998, testified that he originally sold Mule–Hide roofing materials to Allied, but that at some point the business moved and changed ownership or changed names or both, to Ron Case Supply. This testimony was, for obvious reasons, apparently not relied upon by the trial court.

3. The court ruled that White knew of what was taking place, and stated she had "an obligation to immediately let Mule–Hide know that 'I'm not involved here.' But she did nothing. And by

doing nothing, then she just left herself wide open, as far as liability is concerned."

4. "It will be sufficient if the findings of fact and conclusions of law are stated orally ... and recorded in open court following the close of the evidence." Utah R. Civ. P. 52(a). Neither party requested nor submitted written findings or conclusions. "Generally, where no request has been made for findings of fact, the presumption is that the trial court found all facts necessary to support its order and judgment." *Seal v. Mapleton City,* 598 P.2d 1346, 1348 (Utah 1979).

508. "[E]ven where error is found, reversal is appropriate only in those cases where, after review of all the evidence presented at trial, it appears that 'absent the error, there is a reasonable likelihood that a different result would have been reached.'" *Id.* (quoting *Utah Dep't of Transp. v. 6200 South Assocs.*, 872 P.2d 462, 465 (Utah Ct.App. 1994) (citation omitted)). "Moreover, the person asserting error has the burden to show not only that the error occurred but also that it was substantial and prejudicial." *Id.*

 ¶ 13 Finally, Appellant argues that the trial court failed to make findings on several material issues and the findings that the trial court did make were so ambiguous and vague that it is impossible to conduct a review of the trial court's ruling. A trial court's findings of fact are reviewed under a clearly erroneous standard. *See Young,* 1999 UT 38 at ¶ 15, 979 P.2d 338.[5]

## ANALYSIS

¶ 14 White contends that the trial court incorrectly held that she was personally liable for purchases made by Case using an Allied purchase order based on a personal guaranty she signed for Allied because she did not contractually guaranty to pay the debts of Case. In essence, White simply reargues her theory of the case. The trial court, in effect, found that Allied placed an order which Mule–Hide honored. There is more than adequate evidence to support this finding. The court also found that neither the

agreement with Mule–Hide nor the guaranty had been revoked. There is more than adequate evidence to support this finding as well. The court then appropriately concluded that White was liable to Mule–Hide under the terms of the agreement and guaranty and imposed judgment accordingly.[6]

 ¶ 15 Where the guaranty is a continuing guaranty, which contemplates a series of credit transactions, the guarantor may revoke the guaranty at any time upon proper notice.[7] *See United States Shoe Corp. v. Hackett,* 793 F.2d 161, 163 (7th Cir.1986) (noting that the guarantor was free to revoke at any time, but failed to do so). To revoke a continuing guaranty with respect to future transactions, the guarantor must notify the creditor of its intent to revoke. *See Mountain States Tel. & Tel. v. Lee,* 95 Idaho 134, 504 P.2d 807, 809 (1972) (noting that guarantor could have revoked agreement, but did not). The guaranty entered into by White contained a provision clearly and unambiguously setting out the proper way to terminate the same. The trial court found that defendant did not comply with this provision. Thus, defendant was a guarantor of Allied at the time the order in question was placed. There was no dispute that the materials ordered were received. Therefore, defendant was obligated, under the guaranty agreement, to pay Mule–Hide for the goods received. The fact that a representative from Mule–Hide may have had an inkling of the change of business still does not satisfy the

---

5. Appellee, for the first time on appeal, attempts to raise the issues of equitable estoppel, apparent agency, and laches. However, appellee failed to present these arguments to the court below and, therefore, may not raise these issues on appeal. *See State v. Carter,* 707 P.2d 656, 660–61 (Utah 1985). "Failure to raise the point [below] precludes its consideration here." *Id.* at 661. Appellee also alludes to attorney fees on appeal in its statement of issues but its brief contains no analysis. "Under ordinary circumstances, appellate courts will not consider an issue . . . raised for the first time on appeal unless the trial court committed plain error." *State v. Helmick,* 2000 UT 70, ¶ 8, 9 P.3d 164.

6. We cannot say the trial court's findings are clearly erroneous. The oral findings clearly state that Allied had not revoked anything, as far as

the guaranty is concerned, by certified mail, and that Mule–Hide had the right to rely on the continuing guaranty in preparing and shipping the materials ordered by Allied. As stated above, the issue of knowledge is not determinative. Regardless of any presumed knowledge by White, Mule–Hide, or Mr. Homerding, who by his own admission did not personally approve accounts, that there was a change in the business, Allied failed to notify Mule–Hide as required by the agreement and guaranty.

7. Upon revoking the agreement, the guarantor is relieved of liability for credit extended to the debtor after the date of revocation. *See Union Carbide Corp. v. Katz,* 489 F.2d 1374, 1376 (7th Cir.1973) (releasing guarantor from liability for all credit extended *after* notice of revocation given).

terms of the written contract entered into by White.

¶ 16 Further, regardless of any knowledge or presumed knowledge by either White or Mule–Hide, a guarantor is held liable for the guaranteed debts which were incurred notwithstanding any substantial change in the financial structure and organization. In *Mountain States Tel. & Tel.* the court stressed that the guarantor, to have escaped liability, should have properly withdrawn from his guaranty obligation. *See id.* at 808–09.

¶ 17 Thus, even if the trial court erred in finding White knew her husband used her purchase order to order materials from Mule–Hide, the error was harmless because her knowledge is not determinative where she did nothing to revoke the agreement or guaranty.

¶ 18 Appellant further argues that the trial court erred in prohibiting relevant cross examination and direct evidence of a warranty dispute between Case and Mule–Hide, another variation on White's theory of the case, appropriately rejected by the trial court. The trial court considered, both at the time of summary judgment and trial, a warranty dispute in a separate lawsuit between Case and Mule–Hide as not sufficiently related to the case at hand and determined there was no justification for treating the two cases together. We agree.[8]

¶ 19 Finally, Appellant argues that the trial court failed to make findings on the following issues: whether Mule–Hide had knowledge of the dissolution of Allied by virtue of the conversations between Case and Mr. Homerding; the reason that Case sent the purchase order with Allied's name; and finally, findings on White's knowledge, the effect of the notice to Mr. Homerding, and whether the knowledge was imputed to Mule–Hide. Even if these findings were necessary, given the court's rulings on White's failure to take *any* steps to comply with the provisions of the agreement or guaranty, White neither complained about the adequacy of the findings to the trial court nor submitted proposed findings. Generally, where neither party makes a request for findings of fact, it is presumed that the trial court made all findings of fact and conclusions of law necessary to support its order and judgment. *See Seal v. Mapleton City,* 598 P.2d 1346, 1348 (Utah 1979).

## CONCLUSION

¶ 20 The contract obligation of White, dba Allied Supply, is clear and unequivocal. White failed to revoke the agreement and guaranty and is therefore liable for the purchase made on March 19, 1998.

¶ 21 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and PAMELA T. GREENWOOD, Judge.

---

8. White apparently elected not to join Case and cannot now be heard to complain that Case's claim against Mule–Hide would not be litigated in the context of this case. Under Rule 14(a) of the Utah Rules of Civil Procedure, a defendant may file a third party complaint against a person who is or may be liable to the defendant "[a]t any time after commencement of the action." This rule is clear and unequivocal, however, Appellant failed to exercise her right to join Case.